UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **KEVIN HIGGINBOTHAM** | **CASE NO. 3:21-CV-03538** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **C N H INDUSTRIAL AMERICA L L C ET AL** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**MEMORANDUM RULING**

Pending before the Court is a Motion for Summary Judgment [Doc. No. 25] filed by Defendants Enterprise Welding and Fabricating, Inc., ("Enterprise Welding") and Westfield Insurance Company ("Westfield") (collectively, "Defendants"). Defendant CNH Industrial America LLC *doing business as* New Holland Agriculture ("CNH") filed a Response [Doc. No. 29]. Plaintiff Kevin Higginbotham ("Higginbotham") filed a Response [Doc. No. 30]. No reply was filed. Neither CNH nor Higginbotham opposes the Motion.

Accordingly, the Motion is **GRANTED.**

**I.     BACKGROUND AND PROCEDURAL HISTORY**

This is a product liability claim that arose out of an accident involving a combine. Higginbotham filed suit in the 5th Judicial District Court, Parish of Richland, Louisiana against all Defendants (Enterprise Welding, Westfield, and CNH). The suit was properly removed to this Court on October 13, 2021, on the basis of diversity.

On October 23, 2020, Higginbotham was attempting to "pull" or "free" a New Holland CR8.90 Revelation Combine ("the Combine") from where it was stuck in the mud in a field in Richland Parish. The Combine was stuck from the previous day when Higginbotham was using it. The issue in this matter occurred when Higginbotham attached a chain to a lower frame hook on

the Combine, which was connected to another large tractor, which was used to pull the chain in an attempt to free the Combine. According to Plaintiff, the lower frame of the Combine with which the chain was hooked "failed," causing the chain to "whip through the air" and into the back of the tractor Higginbotham was operating, resulting in injuries to the back and right side of his body.[1]

Higginbotham filed suit against Enterprise and CNH.[2] CNH manufactured the Combine at issue, and Enterprise manufactured and supplied the Combine's lower frame.[3] Defendants Enterprise and Westfield state that they are entitled to summary judgment because "there is no evidence that the hook manufactured by Enterprise deviated in a material way from the design specifications and standards provided to it by" CNH.[4] This assertion is undisputed by both CNH and Higginbotham.

In response to Enterprise and Westfield's Motion, CNH:

> responds to [Defendant's] motion neither to oppose nor support it, but rather to note that should the Court grant the motion and dismiss plaintiff's claim against Enterprise and Westfield, it will in reality be dismissing plaintiff's "unreasonably dangerous in construction or composition" claim altogether—a claim that plaintiff has asserted not only against Enterprise and Westfield, but against CNH as well. Plaintiff has simply neither alleged, nor produced evidence to suggest, that any aspect of combine other than its subject tow hook was "unreasonably dangerous in construction or composition."[5]

That is all to say that CNH moves that in the event the Court grants the instant Motion, it also enters judgment in favor of CNH dismissing Higginbotham's "unreasonably dangerous in construction of composition claim," which is the claim Higginbotham asserted pursuant to La. Rev. Stat. § 9:2800.55, with prejudice.[6]

---

[1] [Doc. No. 1-2, ¶¶ 2, 5]
[2] Complaint
[3] [Doc. No. 29]
[4] [Doc. No. 25-2, p. 4]
[5] [Doc. No. 29, p. 2]
[6] [Id.]

In response to Enterprise and Westfield's Motion, Higginbotham asserts that through discovery, he confirmed that Enterprise did not design the lower frame hook, the Combine, or any component parts.[7] While Enterprise manufactured the lower frame hook, it only did so in accordance with specifications provided by CNH.[8] Higginbotham asserts that for these reasons, it has no opposition to Enterprise and Westfield's Motion for Summary Judgment. However, Higginbotham does oppose CNH's attempt to move for partial dismissal of claims without filing motions and affording Plaintiff notice of this "non-motion" or the opportunity to respond to it.[9]

## II.  LAW AND ANALYSIS

### A.  Summary Judgment Standard

Under Federal Rule of Civil Procedure 56(a), "[a] party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion."

"If the moving party meets the initial burden of showing there is no genuine issue of material fact, the burden shifts to the nonmoving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Distribuidora Mari Jose, S.A. de C.V. v. Transmaritime, Inc.*, 738 F.3d 703, 706 (5th Cir. 2013) (internal quotation marks and citation omitted).; *see also* Fed. R. Civ. P. 56(c)(1).

A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

---

[7] [Doc. No. 30]
[8] [Id.]
[9] [Id.]

248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

"[A] party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (citing *Anderson*, 477 U.S. at 248). However, in evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *See Anderson*, 477 U.S. at 255. "A non-conclusory affidavit can create genuine issues of material fact that preclude summary judgment, even if the affidavit is self-serving and uncorroborated." *Lester v. Wells Fargo Bank, N.A.*, 805 F. App'x 288, 291 (5th Cir. 2020) (citations omitted).

### B. Analysis

#### i. Louisiana Products Liability Act

Under the Louisiana Products Liability Act ("LPLA"), La. Rev. Stat. § 9:2800.51, *et seq*, "[t]he manufacturer of a product shall be liable to a claimant for damage proximately caused by a characteristic of the product that renders the product unreasonably dangerous when such damage arose from a reasonably anticipated use of the product." La. Rev. Stat. 9:2800.54. A manufacturer is liable if its product is found unreasonably dangerous in one of four ways: construction or composition (R.S. 9:2800.55), design (R.S. 9:2800.56), inadequate warning (R.S. 9:2800.57), or nonconformity with an express warranty (R.S. 9:2800.58). *Id.*; *see also Holloway v. Midland Risk Ins. Co.*, 36,262 (La. App. 2 Cir. 10/30/02), 832 So. 2d 1004, 1011, *writ denied*, 2002-3247 (La. 3/28/03), 840 So. 2d 571 (citing *Young v. Logue*, 94-0585 (La. App. 4 Cir. 5/16/95), 660 So.2d 32).

Under the Act, a manufacturer can only be liable for damage proximately caused by a characteristic of the product that renders the product unreasonably dangerous when such damage arose from a reasonably anticipated use of the product. The plaintiff has the burden of proving causation (as well as an unreasonably dangerous condition), and a plaintiff must prove not only causation in fact, but also that the product defect was the most probable cause of injury. Thus, a manufacturer is not liable for damages brought about by an occurrence of a separate, independent, or superseding cause. *Wright v. Revco Industries Inc.*, 228 F.Supp.3d 749 (2017).

Higginbotham brings claims under the LPLA alleging that the Combine and its component parts were unreasonably dangerous in (1) construction or composition; (2) design; and/or (3) a failure to provide adequate warnings or instructions.[10]

It is undisputed that Enterprise did not design the hook or attach or incorporate it into the Combine. Higginbotham does not argue this, and he does not argue that the lower frame hooks failed to meet CNH's design criteria. Accordingly, summary judgment in favor of Enterprise and Westfield is appropriate.

### III. CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED, ADJUDGED, AND DECREED** that the Motion for Summary Judgment [Doc. No. 25] filed by Defendants Enterprise Welding and Fabricating, Inc., and Westfield Insurance Company is **GRANTED**, and Plaintiff Kevin Higginbotham's claims against Enterprise Welding and Fabricating, Inc. and Westfield Insurance Company are **DISMISSED WITH PREJUDICE**.

---

[10] [Doc. No. 1-2, ¶ 7]

MONROE, LOUISIANA, this 10th day of January 2023.

                                                      Terry A. Doughty
                                                  United States District Judge